UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamie Brian Ketcham, <br>       Petitioner, <br><br> vs. <br><br> Department of Defense, <br>       Respondent. | ) C/A No. 4:25-1115-JFA-TER <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) |

  This is an action filed on a 28 U.S.C. § 2241 form. *Pro se* Petitioner is not in custody and *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court) does not apply here.

  Petitioner filed this action in person and is not in custody. Petitioner alleges he has never committed a crime, never had any court hearing, and is being falsely detained. (ECF No. 1 at 2). Petitioner alleges he has "submitted multiple complaints to military, DOD, CIA, FBI, DOJ, Army, Navy and more." (ECF No. 1 at 3). As request for relief, Petitioner alleges he needs "immediate relief to be released from being falsely imprisoned. I am also being exploited by some secret unethical human research program." (ECF No. 1 at 8). Petitioner alleges someone remotely terminates his vision. (ECF No. 1 at 11). "I have been wrongfully implanted with hazardous experimental implant devices inside my brain." (ECF No. 1 at 12). Petitioner alleges "I have also been wrongfully implanted with two nano camera implants." (ECF No. 1-1 at 2). Petitioner alleges the implants inside his head are too heavy for his body. (ECF No. 1-1 at 2). "This brain computer interface technology allows another source to send and receive input directly to my brain all without me being able to stop it." (ECF No. 1-1 at 2). Petitioner alleges his wife has a secret twin that switches out at random times and she says he is mentally ill for thinking that. (ECF No. 1-1 at 8). Petitioner alleges there is a secret hidden tunnel under his old house where the twins "do all their

sneaky dishonest research stuff." (ECF No. 1-1 at 20).

Petitioner is not in custody and thus, this habeas action is improper and subject to summary dismissal. Further, the allegations in the Petition are frivolous. Frivolity is when "clearly baseless" and includes allegations that are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal quotation marks omitted) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)). When proceeding *in forma pauperis*, § 1915 gives the authority to pierce the veil of the factual allegations, meaning that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the allegations. *Denton*, 504 U.S. at 32. The present action is comprised of many factual allegations that appear to be "wholly incredible." *See Boyd v. United States*, 773 Fed. Appx. 702, 703 (4th Cir. 2019)(affirming lower court's decision that allegations regarding use of a mind control program to systemically harass clearly fell within the statute's definition of frivolity and noting no amendment could cure the defects).

Petitioner is not in custody, this action is frivolous, and this action is recommended to be summarily dismissed without prejudice.

February 26, 2025  
Florence, South Carolina

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).